'HERMAN MAIBAUER

*v.*

STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

MISTAKE OF LAW—*when money paid cannot be recovered back.* Moneys voluntarily paid under an unconstitutional statute cannot be recovered back. (*Robert Rohl, Sr.* v. *State, Supra* followed.)

SERVICES RENDERED—*inmate cannot recover for services.* An inmate of a State Charitable Institution cannot recover for services rendered during the period of confinement in such institution.

Edward J. Brundage, Attorney General, for State.

The claimant, Herman Maibauer, was adjudged to be insane in 1901 in Cook County, Illinois, and was committed to the asylum at Dunning, and afterwards transferred to Bartonville. Shortly after he was adjudged insane, he inherited about $1,000.00, and John H. Mackay was appointed conservator of his estate in November, 1902. During the time he was committed as a ward of the State, his said conservator paid out for him to the State the sum of $459.70 under the Act to revise the law for Charities approved June 11, 1912. Claimant was discharged from the hospital on July 28, 1919, and brings this proceeding in his own name.

He seeks to recover the amount of $459.70 on the ground that the Statute which provided for its payment has been declared unconstitutional, and sets up in his brief and argument as a further reason, that during the time he was committed to the asylum for the State, he performed services for which he should be paid. In the recent cases of Frank Popham, conservator of the estate of Laura Hope Bain; and Robert Rohl, Sr., this Court held that money paid for the care of an inmate of a State hospital or State institution, under the Act to revise the law for Charities, approved June 11, 1912, could not be recovered back, citing the cases of *People* v. *Foster,* 133 Ill., 509, and *Yates* v. *The Royal Insurance Company,* 200 Ill., 202, where the Supreme Court held that money paid out under a mistake of law cannot be recovered back.

We do not think there is any force to the argument that complainant is entitled to recover for services he claims to have rendered while an inmate of the State hospital.

There is no authority in law for payment for such employment, and any services rendered by claimant must be considered as incidental to claimant's commitment as an inmate of the hospital.

The claim is therefore rejected.